MABEL C. KING, APPELLEE, V. PHYSICIANS CASUALTY
ASSOCIATION OF AMERICA, APPELLANT.

FILED JANUARY 29, 1915.  No. 18,000.

1. **Insurance: MUTUAL BENEFIT ASSOCIATION: DIRECTORS.** The by-laws of a mutual benefit association specified in detail the duties of the president of the association. These did not include duties as a member of the board of directors, of which the president was *ex officio* a member. Another by-law provided that, in the absence of the president, it should be the duty of the vice-president to perform the duties belonging to the office of president. *Held,* That the president alone became *ex officio* a member of the board of directors, and that the vice-president did not, in the absence of the president, become a member of such board.

2. ——: ——: **SUSPENSION OF MEMBER: NONPAYMENT OF ASSESSMENT.** When the failure to pay an assessment is claimed as a reason for the suspension of a member of a mutual accident association, which suspension forfeits the interest of the member in the association, the assessment must be made by a legally constituted body under the charter and by-laws of the association. If the assessment is not made by such a body, no suspension for its nonpayment can be made.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*Nolan & Woodland,* for appellant.

*James H. Adams* and *Byron G. Burbank, contra.*

LETTON, J.

Action upon a certificate of membership in a mutual accident insurance company to recover for the accidental death of a member. The court directed a verdict in favor of plaintiff for the amount of the certificate and costs. Defendant appeals.

The defendant is a mutual accident insurance association incorporated in 1902. In 1907, Walter S. King, the husband of the beneficiary (plaintiff), became a member of the association. On May 3, 1911, an assessment was

made upon the members payable on or before June 10. Dr. King did not pay the assessment. He was accidentally injured on the 15th and died on the 16th of June. Payment was refused on the ground that Dr. King became suspended after June 10 on default of payment and so remained at the time the accident occurred.

Plaintiff insists that, under the original by-laws of the association, there was no provision for suspension of the members for nonpayment of assessment at any time that the subsequent attempted amendment was void; that the laws of the state as to filing amendments to by-laws were not complied with; and that the assessment for the nonpayment of which Dr. King was suspended was not legally made. We find it only necessary to consider the latter point.

Section 6, art. IV, of the by-laws, provides, among other things: "The president and secretary shall be *ex officio* members of the board of directors." Section 4 provides: "In the absence of the president, it shall be the duty of the vice-president to perform the duties belonging to the office of president." Section 5, art. XVI, provides: "Six members shall constitute a quorum for the transaction of business at meetings of the board of directors." The assessment was made at a meeting at which four elected directors, the secretary and the vice-president were present. Defendant asserts that the vice-president, by virtue of the provision that, in the absence of the president, it shall be his duty to perform the duties belonging to the office of president, is thereby constituted *ex officio* a member of the board of directors, and that therefore there was a quorum present. We will consider this without deciding that, as plaintiff claims, the provision making these officers *ex officio* members of the board is in conflict with the articles of incorporation and therefore void, and assuming its validity. It is no part of the duties of the president of an association of this nature to act as a member of the board of directors. Sections 1-3, art. IV, of the by-laws, specify in detail the duties and powers of the president of the association. These are the "duties" which it is

intended that the vice-president shall perform in the absence of the former officer, and they do not include *ex officio* powers. Section 4, immediately following, contains the provisions referring to vice-president. If it had been the intention, at the time the by-laws were enacted, that the vice-president should act as a member of the board of directors in the absence of the president, no doubt they would have so provided. The term *"ex officio"* denotes by virtue of the office. It cannot reasonably be said that, when the vice-president is performing the duties of president, he thereby holds the office of president.. No one but the actual occupant of the office of president can be, by virtue of that office, a member of the board of directors, since it is only the president, the particular officer, who is so constituted by the by-laws. The by-laws require six directors to be present in order to constitute a quorum. Only five directors were present at the meeting of May. 3. The assessment was made without power or jurisdiction on the part of the body attempting to make it. When the failure to pay an assessment is claimed as a reason for a suspension which forfeits the interest of a member in the association, the assessment must be made by a legally constituted body under the charter and by-laws of the association. Dr. King was still a member of the association at the time of the accident, and the judgment of the district court in directing a verdict for plaintiff was right.

AFFIRMED.

MORRISSEY, C. J., ROSE and HAMER, JJ., not sitting.